UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FT. MYERS DIVISION

TERRY L. DUNN-FISCHER,
individually, and as parent and next friend
of A.D.-F., a minor,
                Plaintiffs,

v.                                                    Case No. 2:10-cv-512-FtM-29SPC

DISTRICT SCHOOL BOARD OF COLLIER
COUNTY, DR. VICTORIA SARTORIO,
individually, DR. ELIZABETH MCBRIDE,
individually, FLORIDA DEPARTMENT OF
EDUCATION, LAURENCE RUBLE,
individually, BRIAN CASTELLANI,
individually, and FLORIDA DEPARTMENT OF
ADMINISTRATIVE HEARINGS

                Defendants.
_____/

### DEFENDANTS, FLORIDA DEPARTMENT OF EDUCATION AND FLORIDA DIVISION[1] OF ADMINISTRATIVE HEARINGS' MOTION TO DISMISS

Come Now, Defendants, the State of Florida Department of Education ("DOE") and the State of Florida Division of Administrative Hearings ("DOAH") (collectively "Defendants"), by and through their undersigned counsel, and pursuant to Rule 12(b)6 of the Federal Rules of Civil Procedure, file this motion requesting this Honorable Court dismiss with prejudice, the Complaint in this action (Dkt. #1, "Complaint"). In support thereof, Defendants state as follows:

---

1 While the Complaint names the Florida "Department" of Administrative Hearings as a defendant, the correct name is the Florida "Division" of Administrative Hearings.

1

## MEMORANDUM OF LAW

### BRIEF STATEMENT OF THE CLAIM:

Because the current motion seeks to dismiss the subject action, the factual allegations in the complaint, to the extent discernible, are taken as true and construed in the light most favorable to the plaintiffs.

Plaintiff, Terry Dunn-Fischer ("Dunn-Fischer"), has brought this action *pro se* and on behalf of her minor child, A.D.-F. ("A.D.-F."). Throughout the complaint Dunn-Fischer indiscriminately refers to "Plaintiff" when attempting to describe their claims, and does not specify what alleged facts particularly pertain to which plaintiff.

The subject defendants, Department of Education and Division of Administrative Hearings, are agencies of State of Florida.

The complaint states that this suit is brought pursuant to the Individuals With Disabilities Education Act ("IDEA"), section 504 of the Rehabilitation act of 1973 ("Section 504"), Title II of the Americans With Disabilities Act ("ADA"), 42 U.S.C. §1983, and F.S. §413.08 and §760.07. Complaint, p.2. It offers that the plaintiffs suffered unspecified damages and now seek declaratory and injunctive relief, and damages. Id.

Generally, the complaint is a voluminous recitation of confusing, convoluted and largely incomprehensible allegations. As far as can be discerned, Plaintiffs claim that one or both of them are disabled and that one or both of them have been discriminated against and denied an unspecified fair hearing. Complaint, p.2. The claims appear to stem from administrative proceedings related to the provision of a free appropriate public education ("FAPE") to A.D.-F., a disabled minor child.

Sporadically interspersed throughout the complaint, there are some references to DOE and DOAH. There are also some references to an Administrative Law Judge (ALJ) named "Mandry" (*Id.*, p.19). However, it is unclear how or through whom, the two State Agency defendants took action. It is not until page 150 that some semblance of a claim against DOE and DOAH is offered. There, the complaint appears to assert that the claims against DOE and DOAH are brought pursuant to 42 U.S.C. §1983. Complaint, p.150. The complaint then offers that DOE and DOAH engaged in a conspiracy with other defendants. *Id.,* p. 151. Count I of the complaint does not appear until Page 184. This count does not address DOE or DOAH.

The next reference to DOE and/or DOAH is contained in "Count II" (*Id*., p.189) wherein the complaint asserts that both defendants "discriminated against Plaintiff" and DOAH "retaliated, intimidated, and characterized Plaintiff, the Parent as mentally ill." *Id*., p.190.

Finally, in Count III (*Id*., p.192), the complaint again offers that the plaintiffs were discriminated against by DOAH.

None of the "Counts" in the complaint incorporate any of the previously stated facts.

**STANDARD FOR MOTION TO DISMISS:**

In deciding a Rule 12(b)(6) motion to dismiss, the Court must limit its consideration to well-pleaded factual allegations, documents central to or referenced in the complaint, and matters judicially noticed. *La Grasta v. First Union Sec., Inc*., 358 F.3d 840, 845 (11th Cir. 2004). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to the plaintiff. *Christopher v. Harbury*, 536 U.S. 403, 406 (2002); *Hill v. White*, 321 F.3d 1334, 1335 (11th Cir. 2003). However, the Court need not accept unsupported conclusions

of law or of mixed law and fact in a complaint. *Marsh v. Butler County, Ala.*, 268 F.3d 1014, 1036 n.16 (11th Cir. 2001). The "[f]actual allegations must be enough to raise a right to relief above the speculative level." *See Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 127 S.Ct. 1955, 1964-65, 167 L.Ed.2d 929 (2007). (citations omitted).

With respect to §1983 cases, the Eleventh Circuit imposes "heightened pleading requirements." *Swann v. Southern Health Partners, Inc.*, 388 F.3d 834, 836-838 (11th Cir. 2004)(citing *Leatherman v. Tarrant County*, 507 U.S. 163 (1993)). Dismissal is warranted if, assuming the truth of the factual allegations of the plaintiff's complaint, there is a dispositive legal issue which precludes relief. *Brown v. Crawford County, Ga.*, 960 F.2d 1002, 1009-10 (11th Cir. 1992).

Because Plaintiffs are proceeding pro se, their pleadings are held to a less stringent standard than pleadings drafted by an attorney and will be liberally construed. *Hughes v. Lott*, 350 F.3d 1157, 1160 (11th Cir. 2003) (citing *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998)). However, Plaintiffs must allege "those facts necessary to a finding of liability" and dismissal under Rule 12(b)(6) is warranted where the plaintiffs' claim either suffers from a dispositive legal flaw, or where the facts alleged simply cannot support an element of the claim. *Aldridge v. Lilly-Tulip, Inc. Salary Retirement Plan Benefits Comm.*, 953 F. 2d 587, 593 (11th Cir 1992).

Title 42 U.S.C. § 1983 imposes liability on one who, under color of state law, deprives a person "of any rights, privileges, or immunities secured by the Constitution and laws." To state a claim under 42 U.S.C. § 1983, Plaintiffs must allege that: (1) Defendants deprived them of a right secured under the United States Constitution or federal law, and (2) such deprivation

occurred under color of state law. *U.S. Steel, LLC v. Tieco, Inc.*, 261 F.3d 1275, 1288 (11th Cir. 2001).

Even read liberally, the Complaint herein is largely unintelligible and fraught with conclusory allegations without any supporting facts. Dismissal with prejudice is proper.

**ARGUMENT:**

**Failure to comply with the Federal Rules of Civil Procedure:**

Although Plaintiffs as pro se litigants are held to a lesser standard when the court reviews the sufficiency of their complaint, they must, nevertheless, "conform to procedural rules." *See Loren v. Sasser*, 309 F.3d 1296, 1304 (11th Cir. 2002). The subject complaint clearly violates the "short and plain statement" requirement of Rule 8(a) and the organizational requirements of Rule 10(b). *See, e.g., Magluta v. Samples*, 256 F.3d 1282, 284 (11th Cir. 2001).

The Complaint fails to comply with Rule 8, Federal Rules of Civil Procedure, which provides that a complaint "shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks." *Sub judice*, the 200 page complaint is clearly not a short and plain statement of the claim.

The Complaint also fails to comply with Rule 10, Federal Rules of Civil Procedure, which requires "numbered paragraphs, the contents of each of which shall be limited as far as practicable to a statement of a single set of circumstances." While there are some numbered paragraphs in the complaint, the numbers repeat and most of the numbered paragraphs are prefaced with statements such as "Parent agrees..," followed by statements that do not seem to
---

assert claims against any defendants. See for example, Complaint p. 36. The Complaint further fails to comply with the Rule 10 requirement that "[e]ach claim founded upon a separate transaction or occurrence. . . be stated in a separate count or defense." Each of these shortcomings is an independent basis for dismissal of the complaint.

### Failure to state a cause of action:

The Complaint fails to clearly identify the nature of the plaintiffs' constitutional claims against each of the above named state agency defendants. There is no clear statement of what activity, undertaken by which defendant, is offensive under the provisions of the Constitution of the United States; and how Plaintiff has no state remedy available. No count clearly informs the defendants of how each agency violated the plaintiffs' constitutional rights, or engaged in a conspiracy to violate the plaintiffs' constitutional rights. The complaint is confusing, incoherent and laden with irrelevant facts that must be "sift[ed] out." See S*trategic Income Fund, L.L.C. v. Spear, Leeds & Kellogg Corp.*, 305 F.3d 1293, 1295 (11th Cir. 2002). A complaint that fails to articulate claims with sufficient clarity to allow the defendant to frame a responsive pleading constitutes a "shotgun pleading." *Byrne v. Nezhat*, 261 F.3d 1075, 1128 29 (11th Cir. 2001). Pleadings of this nature are prohibited by Rule 8(a)(2), which requires a claim for relief to be "a short and plain statement of the claim showing that the pleader is entitled to relief."

Plaintiffs allege that they were discriminated against. However, they fail to describe in what manner and by whom they were treated differently from other similarly situated persons.

Further, as noted above, Title 42 U.S.C. §1983 imposes liability on every person who, under color of state law, subjects, or causes to be subjected, any other person to the deprivation

of any rights, privileges, or immunities secured by the Constitution. The complaint fails to establish a constitutional deprivation, as the claims appear to arise from state and federal statutes and not from the Constitution. Thus, it fails to make any allegations that would sustain a claim under § 1983. Additionally, neither the Florida Department of Education nor the Florida Division of Administrative Hearings, is a "person" under 42 U.S.C. § 1983.

Dismissal with prejudice is proper.

Regarding Plaintiffs' conclusory statement that the defendants conspired, the plaintiffs must plead §1983 conspiracy claims with particularity, and simply claiming a conspiracy is not enough. *Dolin v. West*, 22 F. Supp. 2d 1343 (M.D. Fla. 1998).

From what can be gleaned from the complaint, it appears that the actions that Plaintiffs describe took place in the year 2006. Consequently, it looks as if this lawsuit was not filed in a timely manner, and the Statute of Limitations for this claim has expired. Dismissal is proper.

To the extent that Plaintiffs seek declaratory and injunctive relief, they must meet three requirements to establish standing under Article III of the U.S. Constitution. First, they must demonstrate that they are likely to suffer future injury; second, they must show that they are likely to suffer such injury at the hands of the defendants, i.e., there must be a fairly traceable nexus between threatened deprivation of constitutional right and defendants; and finally, plaintiffs must demonstrate that the relief they seek will prevent such injury from occurring. U.S.C.A. Const. Art. 3, §1 et seq. Plaintiffs must allege facts from which continuation of dispute may be reasonably inferred, in order to demonstrate "case or controversy" sufficient to warrant issuance of a declaratory judgment. In order to satisfy "case or controversy" requirement for issuance of a declaratory judgment, continuing controversy between parties having adverse legal

interests may not be conjectural, hypothetical, or contingent; it must be real and immediate, and create a definite, rather than speculative, threat of future injury. *Emory v. Peeler,* 756 F.2d 1547, U.S.C.A.11 (Ga.),1985.

To get injunctive relief, the plaintiffs must prove each of the following four elements: "(1) a substantial likelihood of success on the merits, (2) a substantial threat of irreparable injury if the injunction were not granted, (3) that the threatened injury to the plaintiff outweighs the harm an injunction may cause the defendant, (4) that granting the injunction would not disserve the public interest." *Suntrust Bank v. HoughtonMifflin Co.*, 268 F.3d 1257, 1265 (11th Cir. 2001) (internal quotations omitted).

Plaintiffs have failed to establish a continuing controversy with Defendants.  There is no statement that the plaintiffs will suffer future injury, no suggestion challenging future conduct by the Defendants, and no demonstrable, particularized threat of injury to the Plaintiffs by the Defendants. *Ridley v.Gallagher*, 890 F.Supp. 1540 (S.D. Fla. 1995).  In fact, the Complaint establishes that the plaintiffs currently reside in the state of Arizona and that the child, A.D.-F. attends school in Arizona.  Complaint, p. 7.

Consequently, the Plaintiffs do not have standing to pursue equitable remedies, and have not established a basis for either injunctive or declaratory relief.  The complaint must be dismissed.

## Immunities bar the Complaint:

Assuming, arguendo, that Plaintiffs have advanced proper claims herein, Defendants note and emphasize that immunities bar the current suit.

**11th Amendment Immunity:**

Dismissal is proper based on the State's immunity against suit in federal court, pursuant to the Eleventh Amendment of the United States Constitution. Absent its consent, a state may not be sued in federal court unless Congress has clearly and unequivocally abrogated the state's Eleventh Amendment immunity by exercising its power with respect to rights protected by the Fourteenth Amendment. *DeKalb County School District v. Schrenko*, 109 F.3d 68, 688 (11th Cir. 1997), citing *Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 99, 104 S.Ct. 900, 907, 79 L.Ed.2d 67 (1984).

Plaintiffs cannot demonstrate any waiver by Congress or the State of Florida of its Eleventh Amendment immunity, with regards to the claims attempted to be asserted in the complaint, or to the extent that Defendants are sued pursuant to Title 42 U.S.C. §1983. See *Gamble v. Florida Department of Health and Rehabilitative Services*, 779 F.2d 1509 (11th Cir. 1986); and *Hill v. Department of Corrections*, 513 So.2d 129 (Fla. 1987).

Additionally, the Eleventh Amendment does apply to equitable relief, with the narrow exception of prospective equitable relief. E.g., *Badillo v. Thorpe*, 158 Fed. Appx. 208, 212 n.6 (11th Cir. 2005).

Dismissal is proper.

**Judicial Immunity:**

To the extent that the Plaintiffs attempt to assert claims against the Florida Division of Administrative Hearings and/or any administrative law judges (ALJs), those claims are barred by judicial immunity. Generally, judicial immunity applies to a judge who dealt with the plaintiffs

in a judicial capacity and did not act in the "clear absence of all jurisdiction." *Harris v. Deveaux,* 780 F.2d 911, 914 (11th Cir.1986).  The Supreme Court has held that ALJ's are entitled to absolute judicial immunity because their responsibilities are functionally comparable to those of trial judges, including issuing subpoenas, ruling on evidence, regulating hearings, and making or recommending decisions. See *Butz v. Economou*, 438 U.S. 478, 513, 98 S.Ct. 2894, 2914, 57 L.Ed.2d 895 (1978).  This immunity is absolute and not subject to any facts that the Plaintiffs may wish to present to this Court.  In *Johnson v Harris*, 645 So. 2d 98 (Fla. 5th DCA 1994), rev. denied, 659 So.2d 271 (Fla. 1995) the Florida District Court of Appeal described the scope of judicial immunity as follows: Judges enjoy absolute immunity for acts performed in the course of their judicial capacities unless they clearly act without jurisdiction.

  Dismissal with prejudice is proper.

*(This section intentionally left blank.)*

## CONCLUSION:

WHEREFORE, based on the foregoing, Defendants, the State of Florida Department of Education and the State of Florida Division of Administrative Hearings, respectfully request this Honorable Court grant the within Motion and dismiss Plaintiffs' Complaint with prejudice.

        Respectfully submitted,
        BILL McCOLLUM
        ATTORNEY GENERAL

        S/Yvette Acosta MacMillan
        Yvette Acosta MacMillan
        Assistant Attorney General
        Florida Bar #0854300
        Office of the Attorney General
        501 East Kennedy Boulevard, Suite 1100
        Tampa, Florida 33602
        Telephone: (813) 233-2880
        Facsimile: (813) 233-2886
        yvette_acosta-macmillan@oag.state.fl.us
        Trial Counsel for Defendants, the State of Florida Department of Education and the State of Florida Division of Administrative Hearings

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on October 13, 2010, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following: Jonathan D. Fishbane, Esq., counsel for defendants: District School Board of Collier County, Dr. Victoria Sartorio, Dr. Elizabeth McBride, Laurence Ruble, and Brian Castellani. I further certify that I mailed the foregoing document and the notice of electronic filing by ordinary U.S. Mail to the following non-CM/ECF participant: Plaintiff, Terry L. Dunn-Fischer, 2444 E. Isabella Avenue, Mesa, AZ 85204.

        S/Yvette Acosta MacMillan
        Yvette Acosta MacMillan
        Assistant Attorney General