UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FT. MYERS DIVISION

TERRY L. DUNN-FISCHER,
individually, and as parent and next friend
of A.D.-F., a minor,
       Plaintiffs,

v.                Case No. 2:10-cv-512-FtM-29SPC

DISTRICT SCHOOL BOARD OF COLLIER
COUNTY, DR. VICTORIA SARTORIO,
individually, DR. ELIZABETH MCBRIDE,
individually, FLORIDA DEPARTMENT OF
EDUCATION, LAURENCE RUBLE,
individually, BRIAN CASTELLANI,
individually, and FLORIDA DEPARTMENT OF
ADMINISTRATIVE HEARINGS

       Defendants.
_____/

## DEFENDANTS' JOINT SECOND MOTION
## FOR PROTECTIVE ORDER AND MOTION FOR STAY

  Come Now, Defendants, the State of Florida Department of Education ("DOE"), the State of Florida Division of Administrative Hearings ("DOAH"), individual defendants Dr. Victoria Sartorio, Dr. Elizabeth McBride, Brian Castellani, and Laurence Rubble (collectively "Individual Defendants"), and the District School Board of Collier County ("the District") (collectively "Defendants"), by and through their undersigned counsel, and move this Honorable Court for an order protecting them from participating in discovery, including but not limited to Mandatory Initial Disclosures, until such time as this Court disposes of all pending Motions to Dismiss and then orders the discovery process to proceed. Further, Defendants move for a stay of all

1

proceedings in this matter, including discovery, pending the resolution of all pending Motions to Dismiss. In support hereof, Defendants state as follows:

## MEMORANDUM OF LAW

**FACTS and PROCEDURAL POSTURE:**

Plaintiffs initiated this action by filing their initial Complaint (Doc. #1) on August 23, 2010. On December 3, 2010, they filed their First Amended Complaint (Doc. #39).

On or about or about December 27, 2010, the District and the Individual Defendants filed their motion to dismiss the amended complaint (Doc. #44). On December 31, 2010, DOE and DOAH submitted their motion requesting the amended complaint be dismissed with prejudice (Doc. #45). In their motion to dismiss the amended complaint, DOE and DOAH adopted and incorporated the arguments raised by the District and the Individual Defendants in their motion to dismiss. The motions to dismiss raised a number of arguments, most importantly for purposes of this motion, that: (1) The claims are barred by absolute judicial immunity, by sovereign immunity and by Eleventh Amendment immunity; (2) The complaint fails to state a cause of action upon which relief may be granted; (3) The plaintiffs lack standing to bring this action; and, (4) This court lacks subject matter jurisdiction. (See generally Docs. #44, #45)

There have been no rulings regarding the motions to dismiss.

**ARGUMENT:**

1. Defendants have filed motions to dismiss that are still pending before this Honorable Court.

2. As noted above, the motions to dismiss raised a number of dispositive arguments,

including that the amended complaint fails to state a cause of action upon which relief under law may be granted; that the claims are barred by immunities; that the court lacks jurisdiction; and that the plaintiffs lack standing to bring this claim.

  3. In light of the jurisdictional nature of the arguments presented in the aforementioned motions to dismiss, and the absolute nature of the protection afforded by the asserted entitlements to immunity, including as relevant hereto protection against discovery, Defendants should be protected from engaging in discovery and this action should be stayed, pending resolution of their motions to dismiss. See Section 768.28(6)(a), Fla. Stat.; Berry v. State, 400 So. 2d 80, 83 (Fla. 4th DCA), petition denied, 411 So. 2d 380 (Fla. 1981); Bouchard Transp. Co. v. Florida Dept. of Environmental Protection, 91 F. 3d 1445 (11th Cir. 1996); Howard v. Miller, 870 F. Supp. 340 (N.D. Ga. 1994); Caraballo-Sandoval v. Honsted, 35 F. 3d 521 (11th Cir. 1994).

  4. The dispositive issues asserted in the motions to dismiss, should be resolved prior to the Defendants being required to expend significant amounts of time and expenses for discovery. Pursuant to Harlow v. Fitzgerald, 457 U.S. 800, 817-18, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982), a defendant entitled to claim immunity is shielded not only from liability, but from the burdens of broad reaching discovery. In Lion Boulos v. Wilson, 834 F.2d 504 (5th Cir. 1987), the Court recognized that certain over-broad or avoidable discovery, if ordered, would be subject to an immediate appeal to fulfill the principles underlying Harlow. See also Gaines v. Davis, 928 F.2d 705 (5th Cir. 1991); Liberty Mutual Insurance Co v Louisiana Dept of Insurance, 62 F3d. 115, 117 ( 5th Cir. 1995).

  5. Undersigned counsel, Yvette Acosta MacMillan, in compliance with Local Rule 3.01,

made contact with Plaintiffs regarding this motion and certifies that Plaintiffs object to the issuance of a protective order or stay.

## CONCLUSION:

WHEREFORE, Defendants, the State of Florida Department of Education and the State of Florida Division of Administrative Hearings, Dr. Victoria Sartorio, Dr. Elizabeth McBride, Brian Castellani, Laurence Rubble, and the District School Board of Collier County, respectfully request this Honorable Court grant the within Motion and enter an order protecting them from participating in discovery until such time that this Court may rule on the pending motions to dismiss and later order the discovery process to proceed. Further, Defendants request this Honorable Court enter an order staying all proceedings in this matter, including discovery, pending the resolution of the aforementioned motions to dismiss.

Respectfully submitted,

PAMELA JO BONDI
ATTORNEY GENERAL

| | |
|---|---|
| S/Yvette Acosta MacMillan | S/Jonathan D. Fishbane |
| Yvette Acosta MacMillan | Jonathan D. Fishbane |
| Assistant Attorney General | Collier County School District |
| Florida Bar #0854300 | 5775 Osceola Trail |
| Office of the Attorney General | Naples, FL 34109-0919 |
| 501 East Kennedy Boulevard, Suite 1100 | Tel. (239) 377-0499 |
| Tampa, Florida 33602 | Fax: (239) 377-0501 |
| Telephone:  (813) 233-2880 | Email: fishbj@collier.k12.fl.us |
| Facsimile:   (813) 233-2886 | Trial Counsel for Defendants, |
| yvette.acosta-macmillan@myfloridalegal.com | District School Board of Collier |
| Trial Counsel for Defendants, the State of Florida | County, Dr. Victoria Sartorio, |
| Department of Education and the State of Florida | Dr. Elizabeth McBride, Brian |
| Division of Administrative Hearings | Castellani, and Laurence Rubble |

## CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that on February 16, 2011, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following: Jonathan D. Fishbane, Esq., counsel for defendants: District School Board of Collier County, Dr. Victoria Sartorio, Dr. Elizabeth McBride, Laurence Ruble, and Brian Castellani. I further certify that I mailed the foregoing document and the notice of electronic filing by ordinary U.S. Mail to the following non-CM/ECF participant: Plaintiff, Terry L. Dunn-Fischer, 2444 E. Isabella Avenue, Mesa, AZ 85204.

                                              S/Yvette Acosta MacMillan
                                              Yvette Acosta MacMillan
                                              Assistant Attorney General