UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

TERRY L. DUNN-FISCHER, individually, and the parent and next friend of A.D.F., a minor,

    Plaintiff,

-vs-                                                  Case No.  2:10-cv-512-FtM-29SPC

DISTRICT SCHOOL BOARD OF COLLIER COUNTY, DR. VICTORIA SARTORIO, individually, DR. ELIZABETH MCBRIDE, individually, FLORIDA DEPARTMENT OF EDUCATION, LAURENCE RUBLE, individually, BRIAN CASTELLANI, individually, FLORIDA DEPARTMENT OF ADMINISTRATIVE HEARINGS,

    Defendants.
_____

**ORDER**

    This matter comes before the Court on Defendants' Joint Second Motion for Protective Order and Motion for Stay (Doc. #50) filed on February 16, 2011.  Defendants jointly move for a stay of this case until such time as this Court disposes of all pending Motions to Dismiss.  (Docs. #44,45).

    Plaintiff Terry Dunn-Fischer, individually and as parent of A.D.F., filed this case pursuant to the Individuals with Disabilities Act (IDEA) and the American with Disabilities Act (ADA). Upon review of this case, the Court notes that Plaintiff, who is a non-attorney, has been filing pleadings *pro se* in this case on behalf of her minor child.  This is improper.  The Eleventh Circuit has held that parents may not act as attorneys and represent their minor children in any type of action, including actions under the IDEA and ADA.  "IDEA allows parents to sue in their children's stead, but does not authorize them to act as counsel in such a lawsuit.  We are aware of no authority permitting non-lawyers to represent their children *pro se* in cases brought pursuant to IDEA."

Devine v. Indian River County School Bd., 121 F.3d 576, 581 (11th Cir. 1997) (overruled in part on other grounds); Desravines v. Orange County Sheriff's Office, 2010 WL 5491235, *5 (M.D. Fla. Dec. 15, 2010). Devine noted that the "usual rule [is] that parents who are not attorneys may not bring a *pro se* action on their child's behalf . . . ." The Middle District of Florida permits only licensed and admitted attorneys, as well as certain eligible law students, to appear as counsel in proceedings before it. See M.D. Fla. R. 2.01(a) - (b), 2.02, 2.05. "A non-attorney who is authorized to bring suit on behalf of a party may not appear *pro se* as that party's 'legal counsel,' even where statutes or regulations permit the person to serve as the party's representative in corresponding administrative proceedings." Hand v. Bibeault, 2010 WL 4069377, *1 (11th Cir. Oct. 19, 2010).

To the extent that Plaintiff is suing the Defendants individually and on her own behalf, she may represent herself *pro se* as permitted by 28 U.S.C. § 1654. In any event, the Court will stay this case for a period of 30 days in order to afford Plaintiff time to obtain counsel.

Accordingly, it is now

**ORDERED:**

Defendants' Joint Second Motion for Protective Order and Motion for Stay (Doc. #50) is **GRANTED**. This matter is stayed for a period of 30 days during which time Plaintiff shall attempt to obtain counsel to represent her minor child. Therefore, Plaintiff shall have up to and including **March 25, 2010** to obtain counsel. **Failure to do so will result in minor child A.D.F.'s case being dismissed without prejudice.**

**DONE AND ORDERED** at Fort Myers, Florida, this   23rd   day of February, 2011.

SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record