**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FORT MYERS DIVISION**

TERRY L. DUNN-FISCHER, individually, and the
parent and next friend of A.D.F., a minor,

               Plaintiff,

-vs-                                     Case No.  2:10-cv-512-FtM-29SPC

DISTRICT SCHOOL BOARD OF COLLIER
COUNTY, DR. VICTORIA SARTORIO,
individually, DR. ELIZABETH MCBRIDE,
individually, FLORIDA DEPARTMENT OF
EDUCATION, LAURENCE RUBLE, individually,
BRIAN CASTELLANI, individually, FLORIDA
DEPARTMENT OF ADMINISTRATIVE
HEARINGS,

               Defendants.
_____

**ORDER**

     This matter comes before the Court on Plaintiff's Motion to Reconsider and Vacate Order

(Doc. #53) filed on March 7, 2011.  Plaintiff *pro se* Terry L. Dunn-Fischer moves the Court to

reconsider its Order dated February 23, 2011 (Doc. #52) which granted Defendants' Motion for

Protective Order and Motion to Stay and informed Plaintiff that she must obtain counsel to represent

her minor daughter in these proceedings which were brought in part under the IDEA.

     Reconsideration of a court's previous order is an extraordinary remedy and, thus, is a power

which should be used sparingly. Carter v. Premier Restaurant Management, 2006 WL 2620302

(M.D. Fla. Sept. 13, 2006) (citing American Ass'n of People with Disabilities v. Hood, 278 F. Supp

2d 1337, 1339 (M.D. Fla. 2003)).  The courts have "delineated three major grounds justifying

reconsideration: (1) an intervening change in the controlling law; (2) the availability of new evidence; (3) the need to correct clear error or prevent manifest injustice." <u>Susman v. Salem, Saxon & Meilson, P.A.</u>, 153 F.R.D. 689, 904 (M.D. Fla. 1994). "A motion for reconsideration should raise new issues, not merely readdress issues litigated previously." <u>Paine Webber Income Props. Three Ltd. Partnership v. Mobil Oil Corp.</u>, 902 F. Supp. 1514, 1521 (M.D. Fla. 1995). The motion must set forth facts or law of a strongly convincing nature to demonstrate to the court the reason to reverse its prior decision. <u>Carter</u>, 2006 WL 2620302 at *1 (citing <u>Taylor Woodrow Construction Corp. v. Sarasota/Manatee Authority</u>, 814 F. Supp. 1072, 1072-73 (M.D. Fla. 1993)). A motion for reconsideration does not provide an opportunity to simply reargue-or argue for the first time- an issue the Court has already determined. <u>Carter</u>, 2006 WL 2620302 at * 1. The Court's opinions "are not intended as mere first drafts, subject to revision and reconsideration at a litigant's pleasure." <u>Id.</u> (citing <u>Quaker Alloy Casting Co. v. Gulfco Industries, Inc</u>., 123 F.R.D. 282, 288 (N.D. Ill. 1988)). "The burden is upon the movant to establish the extraordinary circumstances supporting reconsideration." <u>Mannings v. School Bd. Of Hillsboro County, Fla.</u>, 149 F.R.D. 235, 235 (M.D. Fla. 1993). "Unless the movant's arguments fall into the limited categories outlined above, a motion to reconsider must be denied." <u>Carter</u>, 2006 WL 2620302 at *1.

In her Motion, Plaintiff informs the Court that the United States Supreme Court has held that parents may represent their children *pro se* in IDEA actions. <u>See</u> <u>Winkelman v. Parma City School District</u>, 550 U.S. 516 (2007). Plaintiff asserts that the Supreme Court's holding in this case overrules an earlier Eleventh Circuit opinion cited by the undersigned, which held that parents may not act as attorneys and represent their minor children in actions under the IDEA and ADA. <u>Devine v. Indian River County School Bd.</u>, 121 F.3d 576, 581 (11th Cir. 1997). In <u>Devine</u>, the Eleventh

Circuit stated that "IDEA allows parents to sue in their children's stead, but does not authorize them

to act as counsel in such a lawsuit." Id.  In Winkelman, the Supreme Court did not specifically hold

that parents may litigate their child's claims *pro se*.  Rather, the Court held that parents enjoy rights

under the IDEA and they are "entitled to prosecute IDEA claims on their own behalf." Winkelman,

550 U.S. at 534.  "We conclude IDEA grants parents independent, enforceable rights.  These rights,

which are not limited to certain procedural and reimbursement-related matters, encompass the

entitlement to a free appropriate public education for the parents' child." Id. at 533.  Instead, the

Court stated "[i]n light of our holding we need not reach petitioners' alternative argument, which

concerns whether IDEA entitles parents to litigate their child's claims *pro se*." Winkelman, 550 U.S.

at 535.  Circuit courts of appeals and other federal courts have found that Winkelman only concluded

that parents have substantive rights under the IDEA and they may enforce those rights by prosecuting

their own claims under the IDEA on their own behalf.  See Hand v. Bibeault, 2010 WL 4069377,

*1 (11th Cir. Oct. 19, 2010 (citing the Eleventh Circuits earlier 1997 holding in Devine, which held

that a parent may not appear *pro se* on behalf of child who was denied relief in administrative

hearing held under the Individuals with Disabilities Education Act and noting that Devine was

overruled in part on other grounds by Winkelman); Chambers ex rel. Chambers v. School Dist. of

Philadelphia Bd. of Educ., 587 F.3d 176, (3d Cir. 2009) (finding that the Winkelman Court declined

to address whether IDEA entitles parents to litigate their child's claims *pro se*); Elustra v. Mineo,

595 F.3d 699, 705 (7th Cir. 2010) (noting that Winkelman "explicitly [did] not reach[] the issue

whether parents may litigate claims on behalf of their children *pro se* under the Individuals with

Disabilities Act (IDEA)); Hafez v. Madison, 2008 WL 4181328, *5 (N.D. Ga. Sept. 8, 2008) (noting

that Winkelman concluded that parents may prosecute IDEA claims on their own behalf, but declined to address the issue of whether IDEA entitles parents to litigate their child's claims *pro se*.).

The Court agrees with the line of cases noting that the Supreme Court did not specifically address the issue whether parents may represent their child's interests *pro se*; rather, the Supreme Court held that the IDEA gives parents substantive rights of their own that they may vindicate *pro se*. "We conclude IDEA grants parents independent, enforceable rights . . . [which] encompass the entitlement to a free appropriate public education for the parents' child." Winkelman, 550 U.S. at 533. It is clear from the Federal Rules that parents may sue or defend on behalf of a minor, but the Rules do not state that a parent may act as legal counsel for their child. See Fed. R. Civ. P. 17(c)(1). Therefore, this Court holds that as a general matter parents may not represent *pro se* any interests that exclusively belong to their child under the IDEA, but that parents may represent themselves *pro se* to vindicate any rights that have been granted to them under the IDEA.[1]

While the Court will not rule on whether Plaintiff has stated a cause of action under the IDEA sufficient to survive a motion to dismiss, nor will the Court address the merits of Plaintiff's claims at this time, the Court does find that Plaintiff mother has brought at least a portion of her IDEA claims on behalf of herself individually and on her own behalf, including reimbursement for expenses and attorney's fees incurred as a result of Defendants' alleged denial of FAPE to Plaintiff's child in violation of the IDEA. Therefore, Plaintiff mother has arguably raised an injury on her own

---

[1] The Court notes though that pursuant to Fl. Stat. § 744.301(2)(a), a parent may "settle and consummate a settlement of any claim or cause of action accruing to any of their minor children for damages to the person or property of any of said minor children."

behalf and may represent herself *pro se* to prosecute those claims. Plaintiff mother may not represent her child *pro se* with respect to any claims that belong to the minor child only under the IDEA.

Thus, based on the above, Plaintiff's Motion is due to be denied. In this Court's Order which Plaintiff is asking the Court to reconsider, it stated that Plaintiff may represent herself *pro se* as permitted by 28 U.S.C. § 1654, but may not act as her daughter's attorney and represent her daughter's claims under the IDEA.

Similarly, the Court also notes that a parent may not represent their child *pro se* in Plaintiff's remaining Counts, including Plaintiff's claims under Rehabilitation Act, ADA, Section 1983, and pendent state claims. Of course to the extent that Plaintiff mother is bringing these claims on her own behalf, she may represent herself *pro se*. Accordingly, the Court will allow Plaintiff additional time to obtain an attorney to represent her minor daughter. The Court will withhold ruling on the pending Motions to Dismiss (Docs. #44, 45) until after the time for Plaintiff to obtain an attorney has expired. The Court cautions Plaintiff that failure to obtain an attorney could result in some of Plaintiffs' claims being dismissed for lack of standing because she is not the party aggrieved to which the Court could grant relief. "The question is whether the person whose standing is challenged is a proper party to request an adjudication of a particular issue and not whether the issue itself is justiciable." In Re J.H. Inv. Services, Inc., 2011 WL 330342, *4 (11th Cir. Feb. 3, 2011).

Accordingly, it is now

**ORDERED:**

Plaintiff's Motion to Reconsider and Vacate Order (Doc. #53) is **DENIED**.

Plaintiff shall have up to and including **April 21, 2011** to obtain counsel to represent her minor daughter. **Failure to do so could result in Plaintiffs' claims being dismissed.**

The STAY previously set in this case in the Court's February 23, 2011 Order is hereby extended through **April 21, 2011**.

**DONE AND ORDERED** at Fort Myers, Florida, this __21st__ day of March, 2011.

SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record