# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# FORT MYERS DIVISION

TERRY L. DUNN-FISCHER, individually, and the parent and next friend of A.D.F., a minor,

                Plaintiff,

-vs-                                            Case No. 2:10-cv-512-FtM-29SPC

DISTRICT SCHOOL BOARD OF COLLIER COUNTY, DR. VICTORIA SARTORIO, individually, DR. ELIZABETH MCBRIDE, individually, FLORIDA DEPARTMENT OF EDUCATION, LAURENCE RUBLE, individually, BRIAN CASTELLANI, individually, FLORIDA DEPARTMENT OF ADMINISTRATIVE HEARINGS,

                Defendants.
_____

## ORDER

This matter comes before the Court on Plaintiff's Motion Requesting Leave to File Amended Complaint (Doc. #57) filed on April 19, 2011. Defendants have not filed a response in opposition within the time allowed and therefore the Motion is now ripe for review.

Plaintiff *pro se* Terry Dunn-Fischer, originally brought this action individually and as a parent of A.D.F., a minor, pursuant to the Individuals with Disabilities Education Act (IDEA), the American with Disabilities Act (ADA), and 42 U.S.C. § 1983. The Court previously granted Defendant's Motion for Protective Order and found that Plaintiff as a parent may not act as an attorney and represent her minor child in actions under the IDEA, ADA, and Section 1983. (Doc. #52, 55). The Court noted though that to the extent that Plaintiff is suing the Defendants individually and on her own behalf, she may represent herself *pro se* as permitted by 28 U.S.C. §

1654. Thus, the Court allowed Plaintiff time to obtain counsel to represent her minor daughter. Instead of obtaining counsel, Plaintiff filed the instant Motion to Amend, requesting leave to file a second amended complaint that would bring this lawsuit on behalf of herself individually only, and not on behalf of her minor daughter.

Under Federal Rule 15(a), a party may amend the party's pleading as a matter of course within twenty-one (21) days after serving it or if the pleading is one which a responsive pleading is required twenty-one (21) days after service of the responsive pleading or twenty-one (21) days after service of a motion under Rule 12(b), (e), or (f) whichever, is earlier. Fed. R. Civ. P. 15(a)(1). Otherwise, the Party must seek leave of court or written consent of the adverse party in order to amend the pleading. Fed. R. Civ. P. 15(a)(2). "The decision whether to grant leave to amend a complaint is within the sole discretion of the district court." Laurie v. Alabama Court of Criminal Appeals, 256 F.3d 1266, 1274 (11th Cir. 2001). However, pursuant to Fed. R. Civ. P. 15(a), timely motions for leave to amend are held to a very liberal standard and leave to amend should be freely given when justice so requires. Senger Brothers Nursery, Inc. v. E.I. Dupont De Nemours & Company, 184 F.R.D. 674, 678 (M.D. Fla 1999). Thus, Rule 15(a) limits the court's discretion by requiring that leave to amend must be "freely given when justice so requires." Foman v. Davis, 371 U.S. 178, 182, 83 S. Ct. 227, 9 L. Ed.2d 222 (1962); Nat'l. Independent Theatre Exhibitors, Inc. v. Charter Financial Group, Inc., 747 F.2d 1396, 1404 (11th Cir. 1984). As a result, the Court must provide substantial justification if the Court denies a timely filed motion for leave to amend. Laurie, 256 F.3d at 1274. "Substantial reasons justifying a denial include 'undue delay, bad faith, dilatory motive on the part of the movant, . . . undue prejudice to the opposing party by virtue of allowance of the amendment [and] futility of allowance of the amendment.'" Id.

Filing a motion is the proper method to request leave to amend a complaint. Long v. Satz, 181 F.3d 1275, 1279 (11th Cir.1999) The Eleventh Circuit has previously held that "in order to properly request leave to amend a motion must 'set forth the substance of the proposed amendment or attach a copy of the proposed amendment.'" Sure Fill & Seal, Inc. v. GFF, Inc., 2009 WL 1751726 * 2 (M.D. Fla. June 17, 2009) (quoting Doe v. Pryor, 344 F.3d 1282, 1288 (11th Cir. 2003).

In this case, Plaintiff attached a copy of her proposed second amended complaint to the Motion to Amend. Upon review, the Court finds that allowing Plaintiff to amend her complaint would be proper and justice given that Plaintiff is attempting to comply with this Court's previous Orders, which found that Plaintiff's claims may only be brought on her own behalf. The Second Amended Complaint appears to only bring claims on behalf of Terry Dunn-Fischer, and not her minor child. Therefore, amendment is proper.[1] Given that Plaintiff will be allowed to amend her complaint, Defendants' Motions to Dismiss (Docs. #44, 45) are due to be denied as moot.

Accordingly, it is now

**ORDERED:**

(1) Plaintiff's Motion Requesting Leave to File Amended Complaint (Doc. #57) is **GRANTED**. The Clerk of Court is directed to file Plaintiff's Second Amended Complaint, along with the exhibits, attached to the instant Motion, as a separate entry in the CM/ECF system.

---

[1] The Court is making no determination at this time as to the viability of Plaintiff's claims included in her Second Amended Complaint, including whether such claims would survive a motion to dismiss.

(2)     Defendants, District School Board of Collier County, Dr. Victoria Sartorio, Dr. Elizabeth McBride, Laurence Ruble, and Brian Castellani's Motion to Dismiss Plaintiff's First Amended Complaint (Doc. #44) is **DENIED as moot**.

(3)     Defendants, Florida Department of Education and Florida Division of Administrative Hearings's Motion to Dismiss (Doc. #45) is **DENIED as moot**.

**DONE AND ORDERED** at Fort Myers, Florida, this ___5th___ day of May, 2011.

*Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record