UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

TERRY L. DUNN-FISCHER, individually, and the
parent and next friend of A.D.F., a minor,

                        Plaintiff,

-vs-                                                    Case No.  2:10-cv-512-FtM-29SPC

DISTRICT SCHOOL BOARD OF COLLIER
COUNTY, DR. VICTORIA SARTORIO,
individually, DR. ELIZABETH MCBRIDE,
individually, FLORIDA DEPARTMENT OF
EDUCATION, LAURENCE RUBLE, individually,
BRIAN CASTELLANI, individually, FLORIDA
DEPARTMENT OF ADMINISTRATIVE
HEARINGS,

                        Defendants.
_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

        This matter comes before the Court on Defendants District School Board of Collier County,

Laurence Ruble, Brian Castellani, Dr. Victoria Sartorio, and Dr. Elizabeth McBride's Motion to

Dismiss Plaintiff's Second Amended Complaint (Doc. #66) filed on May 31, 2011 and Defendants

Florida Department of Education ("FLDE") and Florida Division of Administrative Hearings'

("FDOAH") Motion to Dismiss Second Amended Complaint (Doc. #69) filed on June 13, 2011.

Plaintiff *pro se* Terry L. Dunn-Fischer filed a response in opposition to both Motions on behalf of

her minor daughter, A.D.F., (Doc. #72) on July 15, 2011.  Therefore, the Motions are now ripe for

review.

## BACKGROUND

The initial Complaint in this matter was filed on August 23, 2010 by Terry L. Dunn-Fischer, individually, and on behalf of her minor child, A.D.F.  Upon review of the case in February 2011, the Court noted that Plaintiff, who is a non-attorney, had been filing pleadings *pro se* in this case on behalf of her minor child.  The undersigned found that this was improper as the Eleventh Circuit had held that parents may not act as attorneys and represent their minor children in any type of action, including actions under the IDEA and ADA, and stayed the case for a period of 30 days to allow Plaintiff time to obtain counsel to appear on her daughter's behalf.  (Doc. #52).  Plaintiff requested the Court to reconsider this Order, which was denied on March 21, 2011.  (Doc. #55).  The Court noted that to the extent that Plaintiff mother was bringing claims on her own behalf, she may represent herself *pro se* as permitted by 28 U.S.C. § 1654.  Thereafter, Plaintiff filed a Second Amended Complaint (Doc. #61) on May 5, 2011, purporting to bring claims against Defendants on her behalf only and not that of her minor daughter.  In the Second Amended Complaint, Plaintiff has filed suit against the Collier County School Board/District, the Florida Department of Education, the Florida Division of Administrative Hearings, and the individual defendants in both their individual and official capacities in alleging violation of: (a) the IDEA; (b) Section 504 of the Rehabilitation Act of 1973; (c) the Americans with Disabilities Act; (d) 42 U.S.C. § 1983; and (e) the Equal Protection and Due Process Clauses of the United States Constitution.  (Doc. #61, Pl. Second Am. Compl. at ¶¶ 1-14, 25).

## FACTS

In deciding a Rule 12(b)(6) motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff.  Erickson v. Pardus, 551

U.S. 89 (2007); Christopher v. Harbury, 536 U.S. 403, 406 (2002).  The following facts are discerned from Plaintiff's Second Amended Complaint, which is the operative complaint, and its accompanying exhibits.  Minor child A.D.F. attended public school in Collier County, beginning in kindergarten at Seagate Elementary School, from 2005-2009.  A.D.F. is alleged to suffer from learning disabilities, including dyslexia.  Plaintiff alleges, among other things, that she was denied a free and appropriate public education ("FAPE") by Defendant District in violation of the IDEA while at Seagate Elementary.

On December 4, 2008, Plaintiff submitted a Request for Student Release to Attend Another School; which release was granted the next day by the Collier County School District's Superintendent.  (Doc. #66-2).  Plaintiff thereafter enrolled her child in Pinewoods Elementary School, located in the Lee County, Florida School District in early 2009 pursuant to the McKay Scholarship and never returned nor has sought to return to the Collier County School District.  A.D.F. was officially withdrawn from Collier County School District on January 6, 2009.  A.D.F. had completed and received a new IEP in May 2009 at Pinewoods Elementary School.  Aggrieved by the allegedly insufficient educational benefits provided to her while at Seagate Elementary, A.D.F. sought administrative remedies, filing an initial written request for a due process hearing on February 24, 2009, pursuant to the provisions of the IDEA and Section 504 of the Rehabilitation Act of 1973.  (Doc. #61, Pl. Second Am. Compl. ¶ 56).  A due process hearing was held before an ALJ on May 27-29, and August 26-27, 2009.  On September 23, 2009, Plaintiff enrolled her child in Barksdale Elementary School in Plano, Texas - a private school.  Thereafter, the District received a request from Barksdale for the child's records from Seagate Elementary School, with which it

complied.  Thereafter, Plaintiff enrolled her child in Texas private school programs and then moved her to public school in Gilbert, Arizona.  Their residence is now listed in Mesa, Arizona.

"Any parent who wishes to challenge an IEP [individualized education program], or any matter relating to the provision of FAPE, may request an 'impartial due process hearing' before an ALJ."  J.P. v. Cherokee County Bd. of Educ., 218 Fed. App'x. 911, 912 (11th Cir. 2007). In Florida, due process hearings are conducted by an administrative hearing officer of the Division of Administrative Hearings ("FDOAH").  Fla. Stat. § 230.23(4)(m)(5).  A.D.F. was represented by counsel during the hearing stage.  The issues for determination at the due process hearing were: (1) whether the Individual Education Plan ("IEP") developed by Petitioner in October 2008 provides Petitioner with a free appropriate public education; (2) whether the Collier County School Board failed to properly evaluate Petitioner; (3) whether the School Board failed to properly classify Petitioner as a child with a specific learning disability; (4) whether the School Board denied Petitioner a FAPE by failing to provide Petitioner with extended school year services; and (5) whether the School Board is required to pay for the independent evaluations of Petitioner obtained by Petitioner's mother.  (Doc. #61, Pl. Second Am.  Compl. Ex. A).

The ALJ issued an order denying the relief sought by A.D.F. under the IDEA on May 28, 2010.  On June 16, 2010, the ALJ recommended that the Collier County School Board enter a final order denying A.D.F.'s claims under Section 504.  No exceptions to the recommended order were filed and on July 29, 2010, the Collier County School Board adopted the ALJ's recommended order as its Final Order and denied A.D.F.'s Section 504 claim.  (Doc. #61, Pl. Second Am. Compl., Ex. C).

Plaintiff now appeals the final decision of the DOAH to this Court.  An action in appeal of the DOAH ruling may either be brought in federal district court or a state court of competent jurisdiction.  Fla. Stat. § 230.23(4)(m)(4), 20 U.S.C. § 1415(i)(2)(A).  Defendants have filed the instant motions to dismiss, alleging that: (1) the claims are barred by absolute judicial immunity and by Eleventh Amendment immunity; (2) the complaint fails to state a claim upon which relief may be granted; and (3) this Court lacks subject matter jurisdiction over Plaintiff's claims because this matter is moot as Plaintiff and A.D.F. no longer reside in Florida and have shown no intent to move back to Collier County School District.  Plaintiff prays for all damages, actual and punitive, and other relief.  ¶ 32.  These include claims for reimbursement for "all costs, to include all out of pocket expenses for evaluations, tutoring, attorney fees, placement and transportation costs, compensatory education for 4 (four) years, and all damages, actual and punitive, consistent with and associated with Defendant's actions and violations which created an initial and continues [sic] denial of a FAPE as per her rights under the IDEA, Section 504, and [Section 1983]."  (Doc. #61, Pl. Second. Am. Compl., p. 32).  There does not appear to be a claim for equitable relief, current or prospective. Plaintiff specifically stated in her response to the Motions to Dismiss that "the Plaintiff requests compensatory damage and attorney's fees and costs.  The Plaintiff is not seeking the injunctive relief of CCSB to provide 'compensatory education in the form of a compensatory IEP' to her child. CCSD had more than 4 years, to appropriately identify, by way of evaluation her child's individual needs and create an appropriate and beneficial IEP, they FAILED."  (Doc. #72, ¶¶ 49-50).  The compensatory damages she states that she seeks in her response to the motions to dismiss, include: "all assessments, evaluations, tutoring, transportation, legal costs, advocacy costs, document fees, loss of work, loss of her home, loss of her family unity, private school costs, the need to relocate her

child and the costs to have to live in Arizona to obtain a FAPE, on a temporary bases [sic].  The district should reimburse the parent for the cost of the child's education retroactively and prospectively" (Doc. #72, ¶ 51, 53).  This encompasses more than the relief that Plaintiff is asking for her in her Second Amended Complaint.

## STANDARD OF REVIEW

In deciding a Rule 12(b)(6) motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff.  Erickson v. Pardus, 551 U.S. 89 (2007); Christopher v. Harbury, 536 U.S. 403, 406 (2002).  "To survive dismissal, the complaint's allegations must plausibly suggest that the [plaintiff] has a right to relief, raising that possibility above a speculative level; if they do not, the plaintiff's complaint should be dismissed." James River Ins. Co. v. Ground Down Eng'g, Inc., 540 F.3d 1270, 1274 (11th Cir. 2008) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-56, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)).  The former rule - that "[a] complaint should be dismissed only if it appears beyond doubt that the plaintiffs can prove no set of facts which would entitle them to relief," La Grasta v. First Union Sec., Inc., 358 F.3d 840, 845 (11th Cir. 2004) - has been retired by Twombly.  James River Ins. Co., 540 F.3d at 1274.  Thus, the Court engages in a two-step approach: "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950, 173 L. Ed.2d 868 (2009).  Alternatively, dismissal is warranted under Fed. R. Civ. P. 12(b)(6) if, assuming the truth of the factual allegations of plaintiff's complaint, there is a dispositive legal issue which precludes relief. Neitzke v. Williams, 490 U.S. 319, 326, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989); Brown v. Crawford County, Ga., 960 F.2d 1002, 1009-10 (11th Cir. 1992).  The Court may take judicial notice

of matters of public record without converting a Rule 12(b)(6) to a Rule 56 motion.  Halmos v. Bombardier Aerospace Corp., 404 F. App'x 376 (11th Cir. 2010).

## DISCUSSION

### I.    Plaintiff's IDEA claim

The Court reiterates as it previously concluded, that even though Plaintiff mother is allowed to bring claims against Defendants on her own behalf, she is not allowed to litigate those claims as an attorney would in this Court on behalf of her daughter.  (Docs. #52, 55).  Therefore, the Court's findings below apply to mother only.

### A.    Lack of subject matter jurisdiction

The first issue the Court must address is whether this Court lacks subject matter jurisdiction over the proceedings.   Subject matter jurisdiction relates to the Court's power to adjudicate a case. Morrison v. Nat'l Austl. Bank Ltd., 130 S. Ct. 2869, 2877, 177 L. Ed. 2d 535 (2010); Reed Elsevier, Inc. v. Muchnick, 130 S. Ct. 1237, 1243, 176 L. Ed. 2d 17 (2010).  "[A] court must first determine whether it has proper subject matter jurisdiction before addressing the substantive issues."  Taylor v. Appleton, 30 F.3d 1365, 1366 (11th Cir. 1994).  If jurisdiction is found to be lacking, the Court cannot proceed at all; its sole remaining duty is to state that it lacks jurisdiction and dismiss the case. Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 94, 118 S. Ct. 1003, 140 L. Ed. 2d 210 (1998); see also University of S. Ala. v. The Am. Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999) ("[O]nce a federal court determines that it is without subject matter jurisdiction, the court is powerless to continue.").

Attacks on subject matter jurisdiction come in two forms. Carmichael v. Kellogg, Brown & Root Servs., Inc., 572 F.2d 1271, 1279 (11th Cir. 2009); Lawrence v. Dunbar, 919 F.2d 1525, 1528

(11th Cir.1990).  The first is a facial attack on the complaint, which requires the court to see whether plaintiff has sufficiently alleged a basis of subject matter jurisdiction.  Lawrence, 919 F.2d at 1529. In considering facial validity, the court must take the allegations in the complaint as true for purposes of the motion.  Id.  In contrast, as in the instant case, a factual attack challenges the existence of subject matter jurisdiction, or the court's power to hear the case.  Id.  The court can look outside the pleadings in order to make its determination, and the court is free to weigh the evidence in order to determine whether it has jurisdiction.  Id.; see also Bryant v. Rich, 530 F.3d 1368, 1376 (11th Cir. 2008) (stating "[w]here exhaustion—like jurisdiction, venue, and service of process—is treated as a matter in abatement and not an adjudication on the merits, it is proper for a judge to consider facts outside of the pleadings and to resolve factual disputes so long as the factual disputes do not decide the merits and the parties have sufficient opportunity to develop the record.").  The Court nonetheless will liberally construe Plaintiff's *pro se* pleadings and hold the pleadings to a less stringent standard than pleadings drafted by an attorney.  Hughes v. Lott, 350 F.3d 1157, 1160 (11th Cir. 2003) (citing Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998)).

### 1.     Failure to exhaust administrative remedies

It is undisputed that the IDEA requires an aggrieved party to exhaust his, her, or its administrative remedies prior to seeking judicial relief in this Court.  See Ass'n for Retarded Citizens of Ala., Inc. v. Teague, 830 F.2d 158, 160 (11th Cir. 1987) (finding that a parent's failure to exhaust administrative remedies by requesting and participating in a due process hearing will result in dismissal of the civil action).  "The philosophy of the IDEA is that plaintiffs are required to utilize the elaborate administrative scheme established by the IDEA before resorting to the courts to challenge the actions of the local school authorities."  J.P., 218 Fed. App'x at 913.  Any student who

wants 'relief that is available under' the IDEA must use the IDEA's administrative system, even if he invokes a different statute." <u>Babicz v. School Bd. of Broward County</u>, 135 F.3d 1420, 1422, n.10 (11th Cir. 1998) (finding that "claims asserted under Section 504 and/or the ADA are subject to Section 1415(f)'s requirement that litigants exhaust the IDEA's administrative procedures to obtain relief that is available under the IDEA before bringing suit under Section 504 and/or the ADA"). In <u>Babicz</u>, the plaintiff's failure to exhaust resulted in dismissal for lack of subject matter jurisdiction. <u>Id.</u> In <u>M.T.V. v. Dekalb County Sch. Dist.</u>, 446 F.3d 1153, 1158 (11th Cir. 2006), the Eleventh Circuit noted that it has interpreted the IDEA's exhaustion requirement as applying to a broad spectrum of claims, which provides that "*any matter relating to* the identification, evaluation, or educational placement of the child, or the provision of a FAPE to such child" must be exhausted. <u>Id.</u> (emphasis in original) (internal citations and quotations omitted).

Defendants FDOAH and FLDE argue that Plaintiff did not exhaust her administrative remedies as to these Defendants because neither was a party to the impartial due process hearing. For that matter, the Court notes that only the Collier County School Board was a party to the due process hearing below and consequently the ALJ made no findings with regard to the other Defendants in this case.  It has been noted that if no findings are made against defendants such as the Department of Education at the administrative level, there can be no ascertainment by the district court - sitting as an appellate court - whether the allegations against the Defendant are actionable. In essence, there is nothing for the Court to review against those Defendants because it was not raised at the administrative level.  See <u>Whitehead by and through Whitehead v. School Bd. of Hillsborough County</u>, 932 F. Supp. 1393, 1396 (M.D. Fla. 1996).  Therefore, the undersigned respectfully recommends that Plaintiff has failed to exhaust her administrative remedies with respect

to any named Defendants except the Collier County School Board as it was the only Defendant against whom grievances were brought at the administrative level and those Defendants should be dismissed without prejudice as this Court lacks subject matter jurisdiction over those Defendants. Stalley v. Orlando Reg'l Healthcare Sys., Inc., 524 F.3d 1229, 1232 (11th Cir.2008) ("A dismissal for lack of subject matter jurisdiction is not a judgment on the merits and is entered without prejudice.").

### 2.      Immunity

Of course Plaintiff could not have included the Florida Division of Administrative Hearings in the proceedings below, as this was the agency responsible for holding the hearing and issuing findings regarding FAPE.  But any claims against the Florida Division of Administrative Hearings or the ALJ are barred by Eleventh Amendment and judicial immunity.  See DeKalb County School Dist. v. Schrenko, 109 F.3d 680, 691-92 (11th Cir. 1997) (finding that a suit that is essentially one against the state is barred regardless of whether it seeks damages or injunctive relief); Butz v. Economou, 438 U.S. 478, 513, 98 S.  Ct. 2894, 2914, 57 L. Ed. 2d 895 (1978).  Therefore, the Florida Department of Education and the Florida Division of Administrative Hearings should be dismissed with prejudice as claims against them are barred by Eleventh Amendment and judicial immunity.[1]

---

[1]Plaintiff's claims for reimbursement against the School District for "all costs, to include all out of pocket expenses for evaluations, tutoring, attorney fees, placement and transportation costs, compensatory education for 4 (four) years" – even though not raised at the administrative level - would not be precluded for failure to exhaust administrative remedies because the ALJ found that there was no violation of the IDEA, and therefore would not find that Plaintiff was eligible for reimbursement.  (Pl. Second Am. Compl., Ex. A, May 2010 Final Order at ¶ 234, "There is no evidence that the School District failed to comply with the procedures in the IDEA.").  "The exhaustion of administrative (continued...)

### 3.    Mootness

"A case is moot when events subsequent to the commencement of a lawsuit create a situation in which the court can no longer give the plaintiff meaningful relief.  National Ass'n of Boards of Pharmacy v. Board of Regents of the University System of Georgia, 633 F.3d 1297, 1308 (11th Cir. 2011).  However, an exception to the mootness doctrine is when conduct complained of is "capable of repetition, yet evading review."  Honig v. Doe, 484 U.S. 305, 318 (1988).  This exception has two elements; first, the challenged action is of a duration that is too short to be fully litigated prior to its expiration, and second there is a reasonable expectation that the complaining party will be subject to the same action again.  Adler v. Duval County School Bd., 112 F.3d 1475, 1477-78 (11th Cir. 1997).

Defendants submit that pursuant to Rule 12(b)(1), this Court lacks subject matter jurisdiction to hear this case because Plaintiff and A.D.F. left Defendant Collier County School District in January 2009 - some five months prior to the time that Plaintiff's due process hearing was held and a year and a half prior to the issuance of the ALJ's Final Order - and she no longer resides in Florida but rather attends public school in Arizona.  They assert that the Dunn-Fischer's have shown no intention of moving back to Collier County School District.  Therefore, Defendants argue that the case is moot.

---

[1](...continued)
remedies is not required where resort to administrative remedies would be 1) futile or 2) inadequate."  N.B. by D.G., 84 F.3d at 1379; Goldstrom v. District of Columbia, 319 F. Supp. 2d 5, 8 (D.D.C. 2004) (finding that a hearing officer was required to find violation of IDEA before reaching issue of whether reimbursement for cost of disabled student's private placement was warranted).

In this case, Plaintiff alleges that she is entitled to compensatory damages under the IDEA, including reimbursement for the education of her child.  While not entirely clear, it appears that Plaintiff may be seeking both retrospective and prospective compensation for costs incurred in educating her daughter.  These include claims for reimbursement for "all costs, to include all out of pocket expenses for evaluations, tutoring, attorney fees, placement and transportation costs, compensatory education for 4 (four) years, and all damages, actual and punitive, consistent with and associated with Defendant's actions and violations which created an initial and continues [sic] denial of a FAPE as per her rights under the IDEA, Section 504, and [Section 1983]."  (Doc. #61, Pl. Second. Am. Compl., p. 32).  It is not clear from this Court's review of Plaintiff's Second Amended Complaint and her response to the Motions to Dismiss whether Plaintiff intends to move her child back to the Collier County School District.  While Plaintiff does state that she is only seeking compensatory damages in this case and is not seeking injunctive relief in the form of an appropriate and beneficial IEP from Defendant District, she also states that she dislikes Arizona and "prays for the day she can return home to her life and family in Naples."  (Doc. #72, pp. 22, 25-27).  Further, Plaintiff sold her home in Naples, Florida in March 2011, and listed her residence as 2444 East Isabella Avenue, Mesa, Arizona.  (Doc. #66, Ex. B).  But even if Plaintiff wishes to someday move back to Naples, Florida, there is no indication in her filings that she has any desire to send her child to school in the Collier County School District.  Therefore, even liberally construing *pro se* plaintiff's pleadings, the Court does not believe that injunctive relief is being sought and therefore there is no reasonable expectation that the complaining party will be subject to the same action again based on the facts of this case.  This is not a case in which the Plaintiff is claiming that they will

return to Collier County School District once a suitable educational program is established for A.D.F.

With regard to the mootness of Plaintiff's reimbursement claim under the IDEA, courts have found that reimbursement awards may encompass numerous areas including private school placement, private tutoring, transportation expense, and therapies if the defendant is found to have violated the IDEA.  See Wasserman, Lewis M., Reimbursement to Parents of Tuition and Other Costs Under the Individuals with Disabilities Education Improvement Act of 2004, 21 St. John's J. Legal Comment. 171, 191-92 (2006) (collecting case citations for the areas of compensation that have historically been provided by courts pursuant to the IDEA); Pihl v. Mass. Dept. of Educ., 9 F.3d 184, 188, n.8 (1st Cir. 1993) (internal citations omitted) (noting that "[t]he nature and extent of compensatory education services which federal courts have recognized varies according to the facts and circumstances of a given case.  Such an award may include extra assistantance in the form of tutoring, or summer school").  The Supreme Court has held that courts' authority to grant relief under the IDEA "includes the power to order school authorities to reimburse parents for their expenditures on private school education for a child if the court ultimately determines that such placement, rather than a proposed IEP, is proper under the Act." Burlington School Comm. v. Mass. Dept. of Ed., 471 U.S. 359, 369, 105 S. Ct. 1669, 2002, 85 L. Ed. 2d 385 (1984).

Any claims for reimbursement for costs and expenses Plaintiff incurred that stemmed from the alleged violation of Plaintiff's right to FAPE from the Collier County School District would not be moot because even when parents unilaterally move their child from the school district, the parent

may still seek redress for money damages under the IDEA.[2]  See E.D. ex rel. Doe v. Newburyport Public Schools, – F.3d –, 2011 WL 3634165, *2-3 (1st Cir. Aug. 19, 2011) (finding that the failures of a school to meet statutory obligations under the IDEA cannot be erased by the plaintiff's move from the school district; rather, "[t]hey are addressed to the reviewing court's discretionary equitable power to award compensation for obligations said to have been reasonably incurred before the move").  Therefore, the Court respectfully recommends that Plaintiff's claims for compensatory damages at least during the time period that Plaintiff was a student in the State of Florida are not moot.

The Court next addresses whether Plaintiff's claim for reimbursement after she moved out of the state of Florida to Texas and Arizona is actionable under the IDEA.  Plaintiff's pleadings seem to argue that she is seeking reimbursement for the costs of moving to both Texas and Arizona from Florida in order to find an appropriate education for her child.  The Court recommends that any claims for reimbursement of costs to move the child to Texas and Arizona would not be recoverable. The Court can find no support for the proposition that parents continue to be entitled to reimbursement when they unilaterally move their child out of state to seek education for their child. See Neshaminy School Dist. v. Karla B., No. Civ. A. 96-3865, 1997 WL 563421, *2 (E.D. Pa. Sept. 3, 1997) (school district filed complaint seeking review of school board order; student moved out of the district after complaint had been filed; court found that it could not proceed to review the order

---

[2]The Court makes no determination at this time as to whether Plaintiff could in fact recover compensatory damages pursuant to the IDEA under the facts of this case because the Court has yet to conduct a record and de novo review of the Final Order of the Administrative Law Judge and its findings.  The Court only recommends at this time that Plaintiff has stated a live and justiciable claim for reimbursement under the IDEA that is reviewable by this Court.

but that the student's counterclaim for prospective relief was moot.).  The extent to which costs associated with the child's move out of Collier County School District to the Lee County School District is more properly addressed on a record review.

      **B.**    **Failure to State a Claim**

      In deciding a Rule 12(b)(6) motion to dismiss for failure to state a claim, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff.  <u>Erickson v. Pardus</u>, 551 U.S. 89, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007); <u>Randall v. Scott</u>, 610 F.3d 701, 705 (11th Cir. 2010).  "To survive dismissal, the complaint's allegations must plausibly suggest that the [plaintiff] has a right to relief, raising that possibility above a speculative level; if they do not, the plaintiff's complaint should be dismissed."  <u>James River Ins. Co. v. Ground Down Eng'g, Inc.</u>, 540 F.3d 1270, 1274 (11th Cir.2008) (citing <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555-56, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)); <u>see also</u> <u>Edwards v. Prime Inc.</u>, 602 F.3d 1276, 1291 (11th Cir. 2010).  The Court need not accept legal conclusions which are set forth in a complaint.  <u>Ashcroft</u>, 129 S.Ct. at 1949.  Dismissal is warranted if, assuming the truth of the factual allegations of plaintiff's complaint, there is a dispositive legal issue which precludes relief.  <u>Neitzke</u>, 490 U.S. at 326; <u>Brown</u>, 960 F.2d at 1009-10.

      With regard to the claims against the individual Defendants, even if the Court finds that Plaintiff's failure to exhaust her administrative remedies against all the individual Defendants does not preclude her claim, these Defendants should still be dismissed as improper parties under the IDEA in both their individual and official capacities such that Plaintiff has failed to state a claim

upon which relief may be granted against these individuals.[3]  With regard to suit against them in their

individual capacities, under the IDEA, proper parties include school boards and agencies receiving

federal funds who are involved in the provision of special education services, not individuals who

are employed by such boards or agencies.  L.M.P. v. School Bd. of Broward County, Fla., 516 F.

Supp. 2d 1305, 1312-13 (S.D. Fla. 2007) (finding that all of the IDEA's provisions "overwhelmingly

suggest only the school district or public agency can be held liable" and holding that the IDEA does

not provide any claim for monetary relief against individual defendants and Section 1983 cannot

provide a right to damages where none existed before); Diaz-Fonesca v. Puerto Rico, 451 F.3d 13,

35 (1st Cir. 2006) (reasoning "that only the public agency is liable for reimbursement follows

naturally from the fact that Congress assigned to the agency the ultimate responsibility for ensuring

FAPE").  With regard to suit against the individual Defendants in their official capacity, these claims

should also be dismissed as they are redundant claims already brought against the School Board.

Individual capacity suits seek to impose personal liability on government officials, but

official-capacity suits, "in contrast, 'generally represent only another way of pleading an action

against an entity of which an officer is an agent.'"  Kentucky v. Graham, 473 U.S. 159, 159 (internal

citations omitted). If the governmental entity "receives notice and an opportunity to respond, an

official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." Id.

at 166.  Therefore, if a plaintiff files suit against both a governmental entity and against that entity's

---

[3]During the times relevant to this action, Laurence Ruble was the Head of Psychological Services and the 504 Coordinator in the Collier County School District; Brian Castellani was the Principal of Seagate Elementary School; Dr. Elizabeth McBride was the Assistant Director of the Exceptional Student Education ("ESE") Department for the Collier County School District; and Dr. Victoria Sartorio was the Director of the ESE Department for the Collier County School District.

officials in their official capacities, the suits against the government officials are duplicative, and may be dismissed as such. See Hicks v. Halifax County Bd. of Educ., 93 F. Supp. 2d 649, 667 (E.D.N.C.1999) (dismissing claims against school board members in their official capacities as being identical to the claims against the school board itself). Accordingly, the Court respectfully recommends that all claims against the individual Defendants in both their official and individual capacities be dismissed.

## II.    Other claims

Defendants argue that Section 1983, Section 504 and the ADA may not be used to remedy alleged IDEA violations. The Court agrees. A Section 1983 claim does not lie for violations of statutory rights under the IDEA, A.W. v. Jersey City Pub. Sch., 486 F.3d 791, 803 (3d Cir. 2007) (finding that "[t]he IDEA includes a judicial remedy for violations of any right 'relating to the identification, evaluation, or educational placement of [a] child, or the provision of a free appropriate public education to such child' § 1415(b)(6)"), or Section 504 of the Rehabilitation Act, or the ADA, Holbrook v. City of Alpharetta, Ga., 112 F.3d 1522, 1531 (11th Cir. 1997). See Hughes v. District School Board of Collier County, 2:06-cv-629-FtM-29DNF, 2009 WL 2495973, *1 (M.D. Fla. Aug. 11, 2009). Plaintiff also appears to have raised Section 1983 violations against all Defendants in connection with her Fourteenth Amendment due process and equal protection claims. (Doc. #61, Pl. Second Am. Compl. ¶¶ 2-3). As discussed above though, a Section 1983 claim cannot be maintained in lieu of, or in addition to an IDEA, Section 504, or an ADA claim. Holbrook, 112 F.3d at 1531. Therefore, to the extent that Plaintiff is attempting to bring Section 1983, Section 504, or

ADA claims against Defendant School District, the motion to dismiss should be granted with respect to these claims.[4]

Accordingly, it is now

**RECOMMENDED:**

(1)     Defendants' District School Board of Collier County, Laurence Ruble, Brian Castellani, Dr. Victoria Sartortio, and Dr. Elizabeth McBride Motion to Dismiss Plaintiff's Second Amended Complaint (Doc. #66) should be **GRANTED in part** and **DENIED in part**.

(a)     The request to dismiss Defendants Laurence Ruble, Brian Castellani, Dr. Victoria Sartortio, and Elizabeth McBride should be **GRANTED** and these Defendants dismissed.

(b)     The request to dismiss Collier County School Board should be **DENIED and** Plaintiff's claim for reimbursement under the IDEA against Defendant Collier County School Board **ONLY** should remain.

(c)     Plaintiff's claims under Section 504, ADA, and Section 1983 against all Defendants should be dismissed without prejudice.

(2)     Defendants Florida Department of Education and Florida Division of Administrative Hearings' Motion to Dismiss Second Amended Complaint (Doc. #69) be **GRANTED** and it is respectfully recommended that these Defendants be dismissed from the case with prejudice.

---

[4]Plaintiff's Second Amended Complaint also seeks accommodations from this Court under the ADA in order to litigate this lawsuit. (Doc. #61, Pl. Second Amend. Complaint ¶ 18).  It is recommended that Plaintiff be directed to file a separate motion for such relief with the Court.

(3)     That Defendant Collier County School Board should be directed to file a complete certified copy of administrative record with the Court.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

**Respectfully recommended** at Fort Myers, Florida, this _____30th_____ day of August, 2011.

SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record