UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

TERRY L. DUNN-FISCHER, individually,
and the parent and next friend of
A.D.F., a minor,

                    Plaintiff,

vs.                                 Case No.  2:10-cv-512-FtM-29UAM

DISTRICT SCHOOL BOARD OF COLLIER
COUNTY,

                    Defendant.
_____

## OPINION AND ORDER

     This matter comes before the Court on Defendant District
School Board's Motion to Dismiss Plaintiff's Third Amended
Complaint (Doc. #115) filed on June 4, 2012.  On May 23, 2013, the
Court struck plaintiff's opposition for violation of Local Rule
3.01(b) and provided plaintiff an opportunity to file a response,
not to exceed 30 pages, on or before June 14, 2013.  (Doc. #135.)
No response has been filed, and the time to do so has expired.
Also before the Court is the Magistrate Judge's[1] Report and
Recommendation (Doc. #131) recommending that plaintiff's motion for
leave to file a fourth amended complaint (Doc. #129) be denied.  No
objections have been filed and the time to do so has expired.

_____

     [1]The Report and Recommendation was issued prior to the
appointment of the Honorable Sheri Polster Chappell to the district
court.

**I.**

Some procedural history is warranted.  This matter was commenced on August 23, 2010, when plaintiff Terry L. Dunn-Fischer (Dunn-Fischer or plaintiff) filed her Complaint (Doc. #1) individually and on behalf of her minor child, A.D.F.  With leave of Court, (Doc. #38), plaintiff filed her First Amended Complaint (Doc. #39) on December 3, 2010.  Thereafter, on May 5, 2011, the Court provided Dunn-Fischer an additional opportunity to file an amended Complaint (Doc. #58), and on May 5, 2011, a Second Amended Complaint was filed.  (Doc. #61).

Following two motions to dismiss (Docs. ##66, 69) filed by the Florida Department of Administative Hearings (DOAH) and the Collier County School Board, the Magistrate Judge issued a Report and Recommendation (Doc. #76) recommending that the individually named defendants, including Laurence Ruble, Brian Castellani, Dr. Victory Sartortio, and Dr. Elizabeth McBride, and the Florida Department of Education as well as the Florida Division of Administrative Hearings be dismissed with prejudice.  The Magistrate Judge also recommended that the motion to dismiss the Collier County School Board be denied and that the IDEA claim for reimbursement be permitted to proceed.  It was further recommended that Plaintiff's claims under Section 504, the ADA, and Section 1983 against the School Board be dismissed without prejudice.  The Court adopted and incorporated the Report and Recommendation on October 5, 2011, and

-2-

dismissed the plaintiff's complaint with the exception of a single claim for reimbursement against the School Board.  (Doc. #82.) Plaintiff appealed to the Eleventh Circuit, (doc. #94) and the appeal was dismissed for lack of subject matter jurisdiction on January 10, 2012.  (Doc. #104.)

Thereafter, on February 1, 2012, the plaintiff was provided leave to file a third amended complaint.  (Doc. #105.)   In providing leave, the Court stated

> [i]n filing a Third Amended Complaint, plaintiff will not be permitted to name the dismissed individual defendants. Collier County School Board is the only remaining defendant. Also, the IDEA claim must be limited to the reimbursement claim as the other aspects were dismissed. The additional claims, whether under the ADA or Section 504, must be stated in separate "counts", and plaintiff must clearly state the basis for each claim and the recovery sought under each count.

(Doc. #105, p. 5.)  Dunn-Fischer filed a Third Amended Complaint on May 5, 2012.  (Doc. #112.)

## II.

### A.  Motion to Amend the Complaint

On August 31, 2012, the plaintiff filed a motion for leave to file a fourth amended complaint.[2]  (Doc. #129.)   On October 1, 2012, the Magistrate issued a Report and Recommendation (Doc. #131) which recommended that the motion be denied because it failed to

---

[2]In her motion, plaintiff seeks leave to file a "third" amended Complaint.  However, as she had already filed a third amended complaint, the Court reads the request as for leave to file a fourth amended complaint.

meet this Court's February 1, 2012, directives concerning the filing of an amended Complaint.

The Report and Recommendation was incorrectly docketed as an Order.  Nonetheless, because the plaintiff is proceeding *pro se*, she was mailed a hard copy of the document which clearly reflects not only that the document is a Report and Recommendation, but that it is subject to a fourteen-day objection period.

No objections have been filed.  The plaintiff has filed several objections in this case (see *e.g.* docs. ##54, 65, 78, 91, 101) and therefore the Court finds that the plaintiff is aware of her responsibilities in this matter to raise objections when she sees fit.

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject or modify the magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1); United States v. Powell, 628 F.3d 1254, 1256 (11th Cir. 2010).  A district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1)(C).  See also United States v. Farias-Gonzalez, 556 F.3d 1181, 1184 n. 1 (11th Cir. 2009).  This requires that the district judge "give fresh consideration to those issues to which specific objection has been made by a party." Jeffrey S. v. State Bd. of Educ. of Ga., 896 F.2d 507, 512 (11th Cir. 1990) (quoting H.R.

1609, 94th Cong., § 2 (1976)).  The district judge reviews legal conclusions de novo, even in the absence of an objection.  See Cooper-Houston v. Southern Ry. Co., 37 F.3d 603, 604 (11th Cir. 1994).

After reviewing the Report and Recommendation and the case file, the Court fully agrees with the findings of fact and the conclusions of law made by the Magistrate Judge which found that plaintiff's proposed amended complaint violated the Court's February 1, 2012, Order.  Accordingly, the Court will adopt the Report and Recommendation and deny plaintiff's request to amend her Complaint for a fifth time.

## B.  Motion to Dismiss

Under Federal Rule of Civil Procedure 8(a)(2), a Complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  This obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)(citation omitted).  To survive dismissal, the factual allegations must be "plausible" and "must be enough to raise a right to relief above the speculative level."  Id. at 555.  See also Edwards v. Prime Inc., 602 F.3d 1276, 1291 (11th Cir. 2010).  This requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)(citations omitted).

In deciding a Rule 12(b)(6) motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff, <u>Erickson v. Pardus</u>, 551 U.S. 89 (2007), but "[l]egal conclusions without adequate factual support are entitled to no assumption of truth," <u>Mamani v. Berzain</u>, 654 F.3d 1148, 1153 (11th Cir. 2011)(citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." <u>Iqbal</u>, 556 U.S. at 678. "Factual allegations that are merely consistent with a defendant's liability fall short of being facially plausible." <u>Chaparro v. Carnival Corp.</u>, 693 F.3d 1333, 1337 (11th Cir. 2012)(internal quotation marks and citations omitted). Thus, the Court engages in a two-step approach: "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." <u>Iqbal</u>, 556 U.S. at 679.

Plaintiff's Third Amended Complaint fails to comply with Rule 8 of the Federal Rules of Civil Procedure which requires that a complaint provide a defendant with a "short and plain statement of the claim." Fed. R. Civ. P. 8(a)(2). The Complaint is 116 pages and 603 paragraphs. The allegations are also confusing, disjointed, and at times, repetitive.

The Third Amended Complaint is also a shotgun pleading. "The typical shotgun complaint contains several counts, each one

incorporating by reference the allegations of its predecessors, leading to a situation where most of the counts [] contain irrelevant factual allegations and legal conclusions." Strategic Income Fund, L.L.C. v. Spear, Leeds, & Kellogg Corp., 305 F.3d 1293, 1295 (11th Cir. 2002), see also Magluta v. Samples, 256 F.3d 1282, 1284 (11th Cir. 2001).  Following 521 paragraphs of factual allegations, plaintiff asserts eight (8) causes of action.  Each count incorporates by reference all of the preceding allegations. Accordingly, all of the Counts incorporate factual allegations that are irrelevant to that Count.  Finally, the allegations do not make clear whether some of the allegations relate to the School District's purported actions towards the minor child, plaintiff, or both.  For these reasons alone, the Third Amended Complaint is subject to dismissal.

Furthermore, plaintiff's allegations in the Complaint are in contravention of this Court's prior Order which gave the plaintiff specific directives for filing her Third Amended Complaint. Indeed, the only directive that plaintiff appears to have complied with is the directive that School Board be the only remaining defendant.

Count I purports to assert a Section 504 claim.  However, the factual allegations arise from the same set of facts as plaintiff's previously asserted and dismissed IDEA claims, namely, the minor child's right to a free and appropriate public education, and not

from a separate disability not covered by the IDEA.  Both the Magistrate Judge and this Court have noted in previous orders that a Section 504 claim cannot be brought to remedy an IDEA claim. Accordingly, this Count is dismissed.

Count II seeks attorneys fees and court costs pursuant to 42 U.S.C. § 1988.  First, this is not an independent cause of action. Second, because plaintiff is proceeding *pro se*, she is not entitled to attorney fees.  Clarkson v. IRS, 678 F.3d 1368, 1371 (11th Cir. 1982).

Count III asserts a claim pursuant to both the IDEA and Section 504 regulations.  As stated above, a Section 504 claim cannot be brought to remedy an IDEA violation.  To that extent, the Section 504 claim asserted in Count III is dismissed.  To the extent that Count III asserts an IDEA claim, the allegations are, for the most part, outside the scope of reimbursement.  The Court has instructed the plaintiff that any asserted IDEA must be limited solely to reimbursement.  Count III fails to meet this directive.

Nonetheless, construing Count III liberally, as the Court must with a *pro se* Complaint, there are at least some allegations contained there-in, and incorporated by reference, that could support a reimbursement claim.  The Court has previously allowed plaintiff to pursue her reimbursement claim, and therefore will let Count III proceed, notwithstanding its Rule 8 and shotgun pleading

deficiencies, <u>only to the extent it asserts a reimbursement claim under the IDEA</u>.  Count III is, in all other aspects, dismissed.

Count IV asserts a claim pursuant to Title II of the Americans with Disabilities Act (ADA).  The factual allegations contained therein are the same factual allegations asserted in relation to the alleged IDEA violations.  As plaintiff has already been instructed, an ADA claim may not lie for violations of an IDEA claim.  <u>Holbrook v. City of Alpharetta, Ga.</u>, 112 F.3d 1522 (11th Cir. 1997).

The remaining counts (Counts V-VIII) assert claims pursuant to Section 1983, but yet again only assert factual allegations related to plaintiff's IDEA claim.  A Section 1983 claim does not lie for violations of statutory rights under the IDEA.  <u>A.W. v. Jersey City Pub. Sch.</u>, 486 F.3d 791, 803 (3d Cir. 2007)(finding that "[t]he IDEA includes a judicial remedy for violations of any right 'relating to the identification, evaluation, or educational placement of [a] child, or the provision of a free appropriate public education to such chid's § 1415(b)(6), or Section 504 of the Rehabilitation Act, or the ADA.")  <u>See also</u> <u>Holbrook</u>, 112 F.3d at 1531.

Under Fed. R. Civ. P. 12(f), "[t]he Court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  Because the Court has dismissed all but one portion of Count III, much of the

Complaint is immaterial or redundant.  Thus, the Court finds that to require the defendant to respond to each of the 603 paragraphs of the Third Amended Complaint would be unduly burdensome to the defendant.  Accordingly, the Court will strike the following paragraphs from the Third Amended Complaint: 21-97, 99-190, 196-207, 213-215, 219-315, 317-335, 339-413, 416-429, 431-447, 449-457, 459-464, 469-541, and 554-603.

Accordingly, it is now

**ORDERED:**

1.   The Magistrate Judge's Report and Recommendation (Doc. #131) is **accepted and adopted,** and is specifically incorporated into this Opinion and Order.

2.   Plaintiff's motion to file an amended complaint (Doc. #129) is **denied.**

3.   Defendant District School Board's Motion to Dismiss Plaintiff's Third Amended Complaint (Doc. #115) is **granted in part and denied in part:**

a.   The motion to dismiss Counts One, Two, Four, Five, Six, and Eight is **granted** and these counts are **dismissed without prejudice.**

b.   The motion to dismiss Count Three, to the extent it seeks to assert a claim pursuant to the Section 504 regulations and/or an IDEA claim unrelated to reimbursement is **granted** and these portions of Count III are **dismissed without prejudice.**

c.  The motion to dismiss Count Three, to the extent it seeks to assert an IDEA reimbursement claim, is **denied** and this portion of Count III will be permitted to proceed.

4.  The following paragraphs are **STRICKEN** from the Third Amended Complaint: 21-97, 99-190, 196-207, 213-215, 219-315, 317-335, 339-413, 416-429, 431-447, 449-457, 459-464, 469-541, and 554-603.

**DONE AND ORDERED** at Fort Myers, Florida, this   23rd   day of July, 2013.

**JOHN E. STEELE**
United States District Judge

Copies:

Counsel of record

Pro se parties