UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

TERRY  L.  DUNN-FISCHER,
individually,   and   the
parent and next friend of
A.D.F., a minor

      Plaintiff,

v.                Case No: 2:10-cv-512-FtM-29CM

DISTRICT  SCHOOL  BOARD  OF
COLLIER COUNTY,

      Defendant.

_____

**OPINION AND ORDER**

This matter comes before the Court on plaintiff's Revised Motion for Reconsideration (Doc. #144) filed on October 4, 2013. Defendant filed a Response to Plaintiff's Revised Motion for Reconsideration (Doc. #147) on November 7, 2013.

Reconsideration of a court's previous order is an extraordinary remedy and, thus, is a power which should be used sparingly. American Ass'n of People with Disabilities v. Hood, 278 F. Supp. 2d 1337, 1339 (M.D. Fla. 2003) (citing Taylor Woodrow Constr. Corp. v. Sarasota/Manatee Airport Auth., 814 F. Supp. 1072, 1072-73 (M.D. Fla. 1993)). "A motion for reconsideration should raise new issues, not merely readdress

issues litigated previously." <u>PaineWebber Income Props. Three Ltd. P'ship v. Mobil Oil Corp.</u>, 902 F. Supp. 1514, 1521 (M.D. Fla. 1995).   Courts have "delineated three major grounds justifying reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; [and] (3) the need to correct clear error or prevent manifest injustice." <u>Sussman v. Salem, Saxon & Nielsen, P.A.</u>, 153 F.R.D. 689, 694 (M.D. Fla. 1994).   Unless the movant's arguments fall into one of these categories, the motion must be denied.

The motion to reconsider must set forth facts or law of a strongly convincing nature to demonstrate to the court the reason to reverse its prior decision. <u>Taylor Woodrow</u>, 814 F. Supp. at 1073; <u>PaineWebber</u>, 902 F. Supp. at 1521.   "When issues have been carefully considered and decisions rendered, the only reason which should commend reconsideration of that decision is a change in the factual or legal underpinning upon which the decision was based." <u>Taylor Woodrow</u>, 814 F. Supp. at 1072–73.

A motion for reconsideration does not provide an opportunity to simply reargue-or argue for the first time-an issue the Court has once determined.   Court opinions "are not intended as mere first drafts, subject to revision and reconsideration at a litigant's pleasure." <u>Quaker Alloy Casting</u>

Co. v. Gulfco Indus., Inc., 123 F.R.D. 282, 288 (N.D. Ill. 1988). "The burden is upon the movant to establish the extraordinary circumstances supporting reconsideration." Mannings v. Sch. Bd. of Hillsborough Cnty., 149 F.R.D. 235, 235 (M.D. Fla. 1993).

Plaintiff requests that the Court reconsider its July 23, 2013, Opinion and Order adopting the Magistrate Judge's Report and Recommendation (Doc. #137)[1] because the Court's findings were produced in error. Plaintiff specifically claims that the Magistrate Judge, whom she mistakenly believes is African American, refused to cite Draper v. Atlanta Indep. Sch. Sys., 518 F.3d 1275 (11th Cir. 2008), because plaintiff is not African American, and that the Magistrate Judge's rulings were fueled by racism. In essence, plaintiff's thirty-three page motion for reconsideration is nothing more than a reiteration of the arguments made in her prior filings combined with an unfounded assertion of racial bias. Because plaintiff has done nothing more than reassert her prior arguments, she has failed to establish the extraordinary circumstances justifying

---

[1]Plaintiff also requests that the Court reconsider an Order directing plaintiff to file a response to defendant's motion to dismiss (Doc. #131), and the Order vacating that Order and limiting the length of plaintiff's response to thirty pages (Doc. #135). Plaintiff, however, has failed to provide a basis for reconsideration; thus, the motion is denied as to these orders.

reconsideration; therefore, her motion for reconsideration is denied.

Accordingly, it is hereby

**ORDERED:**

Plaintiff's Revised Motion for Reconsideration (Doc. #144) is **DENIED.**

**DONE and ORDERED** at Fort Myers, Florida, this ___6th___ day of March, 2014.


JOHN E. STEELE
UNITED STATES DISTRICT JUDGE


Copies:

Pro se plaintiff
Counsel of Record