UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

TERRY L. DUNN-FISCHER,
individually, and the parent and next
friend of A.D.F., a minor

    Plaintiff,

v.　　　　　　　　　　　　　　　　　　Case No: 2:10-cv-512-FtM-29CM

DISTRICT SCHOOL BOARD OF
COLLIER COUNTY,

    Defendant.

# ORDER

Before the Court is Plaintiff's unopposed Motion Requesting an Extension of Time to Answer in Opposition of Defendant's Motion for Summary Judgment (Doc. 189), filed on February 2, 2015, and Defendant's unopposed Motion to Enlarge Time to File Joint Pretrial Statement and Trial Brief (Doc. 191), filed on February 20, 2015. For the reasons that follow, the motions will be granted.

    I.    *Plaintiff's Motion Requesting an Extension of Time to Answer in Opposition of Defendant's Motion for Summary Judgment*

A brief discussion of the recent procedural history is necessary before the Court addresses the merits of Plaintiff's motion.

Defendant filed its Motion for Judgment on the Record (Doc. 171) on November 12, 2014. Plaintiff, upon request, was given an extension of the time for filing a response to Defendant's Motion for Judgment on the Record, up to and including January 15, 2015. Docs. 174, 176. On December 29, 2014, Plaintiff filed a second

request for an extension of the time for responding to Defendant's Motion for Judgment on the Record. Doc. 183. The Court granted Plaintiff's motion and provided Plaintiff up to and including January 30, 2015 to respond to the Motion for Judgment on the Record. Doc. 185. By the same Order, the Court also granted Plaintiff's request for the Court's assistance with obtaining a copy of the administrative record and directed Defendant to provide Plaintiff with a certified copy of the record on or before January 12, 2015, so that Plaintiff may use the record in support of her opposition to Defendant's Motion for Judgment on the Record. Docs. 182, 185.

On January 9, 2015, three days prior to the deadline by which Defendant was required to provide Plaintiff a copy of the administrative record, Defendant filed a Request for Modification of Court's Order to Permit Compliance, stating that it would be unable to provide Plaintiff a certified copy of the administrative record within the time provided, but was diligently working to obtain a copy which it would then provide to Plaintiff in compliance with the Court's Order. Docs. 185, 186. On January 23, 2015, Defendant filed a Notice stating that on January 12, 2015 Plaintiff was provided with the multi-volume hearing transcript, and on January 22, 2015, Plaintiff was provided with a certified copy of the administrative record. Doc. 188.

On February 2, 2015, after the time for filing her response to Defendant's Motion for Judgment on the Record had expired, Plaintiff filed yet another request for an extension of the time for responding to the Motion for Judgment on the record, citing the voluminous documents she recently received from Defendant. Doc. 189.

Although Plaintiff argues that good cause exists for the extension, Plaintiff fails to demonstrate excusable neglect for timely filing her response, or requesting the extension, as required by the Federal Rules of Civil Procedure when requests for extensions are made after the time for filing the document has expired. *See* Fed. R. Civ. P. 6(b)(1)(B). Plaintiff repeatedly has been cautioned that despite her *pro se* status, she still must comply with applicable procedural rules.

Nevertheless, in the interests of judicial economy and expediency, the Court has considered the merits of Plaintiff's motion, and has determined it is due to be granted. *See* Fed. R. Civ. P. 1 (stating that the Federal Rules "should be construed and administered to secure the just, speedy, and inexpensive determination of every action and proceeding"); M.D. Fla. R. 1.01(b) (stating that the Local Rules "shall be employed to provide fairness and simplicity in procedure, to avoid technical and unjustified delay, and to secure just, expeditious and inexpensive determination of all proceedings"). Plaintiff's motion requests an additional thirty (30) days for filing her response, which previously was due to be filed by January 30, 2015. Doc. 189 at 2. To ensure that Plaintiff has adequate time, the Court therefore will provide Plaintiff up to and including **March 6, 2015**, to file her response to Defendant's Motion for Judgment on the Record.

The Court notes that the Settlement Conference previously scheduled for December 11, 2014 before the Honorable Douglas N. Frazier has been rescheduled for March 19, 2015 at 10:00 a.m. Doc. 190. Accordingly, the Court cannot, and will not, extend the deadline for Plaintiff to file her response to Defendant's Motion for

Judgment on the Record beyond the March 6, 2015 deadline set forth in this Order, particularly also because Plaintiff already has been given nearly four months since Defendant filed its Motion for Judgment on the Record during which to file a response.

Also noteworthy is the Local Rule 3.01(g) certification in Plaintiff's motion, which states that Defendant agreed to her extension provided that a corresponding extension of all remaining deadlines also is granted. The Court will address the remaining deadlines in the following section, in conjunction with Defendant's pending motion for extension.

### II. *Defendant's Motion to Enlarge Time to File Joint Pretrial Statement and Trial Brief*

Defendant's motion seeks an extension of the deadline by which the parties are to submit a joint final pretrial statement and their trial briefs, requesting that the time for filing those documents be extended by two weeks, up to and including March 9, 2015. Doc. 191 at 2. The Local Rule 3.01(g) certification states that Plaintiff agrees with Defendant's request for an extension of this deadline. *Id.*

Upon review of the pending deadlines, as set forth in the Court's December 2, 2014 Order (Doc. 176), and in consideration of the upcoming settlement conference before Judge Frazier, the undersigned has determined that all remaining case management deadlines should be extended for a period of sixty days to enable Plaintiff to devote adequate time and attention to her response to Defendant's Motion for Judgment on the Record, and for both parties to sufficiently prepare for the settlement conference. The new deadlines by which the parties are required to meet

in person to prepare the joint final pretrial statement and for submitting the joint final pretrial statement and trial briefs, as well as the date for the final pretrial conference and the trial term, will be set forth in a separate Order.

### III.   *Conclusion*

For the reasons set forth herein, the Court finds that extensions of the deadline for Plaintiff to file her response to Defendant's Motion for Judgment on the Record and all remaining case management deadlines should be extended.

ACCORDINGLY, it is hereby

**ORDERED:**

1.   Plaintiff's Motion Requesting an Extension of Time to Answer in Opposition of Defendant's Motion for Summary Judgment (Doc. 189) is **GRANTED**. Plaintiff shall have up to and including **March 6, 2015**, to file her response to Defendant's Motion for Judgment on the Record.  **The Court will not entertain requests for an extension of this deadline beyond that granted by this Order.**

2.   Defendant's Motion to Enlarge Time to File Joint Pretrial Statement and Trial Brief (Doc. 191) is **GRANTED**.   All remaining case management deadlines, as set forth in the Court's December 2, 2014 Order, shall be extended for a period of **sixty (60) days**.   The specific deadlines will be memorialized in an Order to be entered under separate cover.

**DONE** and **ORDERED** in Fort Myers, Florida on this 20th day of February, 2015.

CAROL MIRANDO
United States Magistrate Judge

Copies:
*Pro se* Plaintiff
Counsel of record